IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELONZA JESSE TYLER,

    Plaintiff,                                 CV F 04 6638 OWW WMW P

    vs.                                         ORDER

E. ALAMEIDA, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff, an inmate in the custody of the California Department of Corrections at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections along with a private physician. Plaintiff names the following defendants: Dennis C. Smith, M.D.; Bradley Williams, M.D.; Chief Medical Officer Nancy Erly; Appeals Coordinator N. Grannis; Chief Appeals Coordinator T. Surges. This lawsuit arises out of an injury suffered by plaintiff while working at a prison job.

        Plaintiff alleges that he injured his left knee while working at a prison job at Folsom State Prison. The injury occurred on September 4, 2003. On December 10, 2003, plaintiff was taken to Doctor's Hospital of Manteca, and was treated by Dr. Bradley Williams. Though plaintiff does not indicate what treatment he received, he does allege that Dr. Williams

1

did not properly diagnose plaintiff's condition or schedule surgery.  Plaintiff levels a conclusory allegation that "the medical treatment that plaintiff received from Dr. Williams, was so cursory as to amount to no treatment at all."  Plaintiff does allege that Dr. Williams' treatment resulted in additional injury.

As to doctors Smith and Erly, plaintiff alleges that they also failed to provide him with adequate medical care.  Plaintiff alleges that they failed to comply with health care and correctional policies by failing to promptly schedule surgery.  Plaintiff alleges that the failure to timely schedule surgery resulted in a deterioration of plaintiff's health.  Plaintiff alleges that he lost the use of his legs and is now confined to a wheelchair.

As to defendants Grannis and Surges, plaintiff alleges that they knew of the need for medical care, yet acquiesced in the failure to provide it.  Generally, there is no respondeat superior liability under § 1983. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002), *quoted in* Bell v. Clackamas County, 341 F.3d 858, 867 n. 3 (9th Cir.2003).  "A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir.2001).  In other words, supervisors "can be held liable 'only if they play an affirmative part in the alleged deprivation of constitutional rights,' [i.e. by] 'set[ting] in motion a series of acts by others ..., which he knew or reasonably should have known, would cause others to inflict the constitutional injury.' " Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir.2003) (*citations omitted*) (*quoting* Rise v. Oregon, 59 F.3d 1556, 1563 (9th Cir.1995); Larez v. City of LA, 946 F.2d 630, 646 (9th Cir.1991)).

Plaintiff has failed to allege facts that suggest supervisory liability.  Though plaintiff has alleged facts indicating that the delay in treatment caused him injury, he does not allege facts indicating that Grannis or Turges knew of the danger to plaintiff.  Plaintiff mus

allege facts indicating that defendants knew of the specific harm to plaintiff and acted with deliberate indifference.  The facts alleged indicate that Grannis and Turges knew that plaintiff sought medical care.   Though plaintiff concludes that they denied plaintiff's request "in the face of recognized need for treatment to a serious work injury with resulted in further irreparable injury," he does not allege specific facts that indicate that they were aware of a constitutional injury.  Defendants can not be held liable for the act of denying an inmate grievance requesting medical care.  Plaintiff must allege some facts that would put them on notice of the seriousness of his injury.  Plaintiff's opinions and conclusory allegations are insufficient.

The first amended complaint states a claim as to defendants Williams, Smith and Erly.  The amended complaint fails to state a claim as to defendants Grannis and Turges.  The court will, however,  grant plaintiff leave to further amend the complaint.   Should plaintiff choose not to file a second amended complaint, the court will direct service of process upon defendants Williams, Smith and Erly.  The court will recommend dismissal of defendants Grannis and Turges.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff is granted leave to file a second amended complaint.

   2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

IT IS SO ORDERED.

**Dated:   November 17, 2005**          /s/  **William M. Wunderlich**
mmkd34                                     UNITED STATES MAGISTRATE JUDGE