IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELONZA JESSE TYLER,

    Plaintiff,                              CV F 04 6638 OWW WMW   P

    vs.                                       FINDINGS AND RECOMMENDATION

E. ALAMEIDA, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding pro se. Pending before the court is Defendant Williams' motion to dismiss for failure to state a claim.

    On March 9, 2006, an order was entered, finding that the operative pleading stated a claim for relief as to Defendants Williams, Smith and Erly. On July 10, 2006, Defendant Williams filed a motion to dismiss. The motion to dismiss was served upon Plaintiff at his address of record. Plaintiff has failed to oppose the motion.

    Local Rule 78-230(m) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion..." The court will deem plaintiff's failure to oppose defendant's motion to dismiss a waiver, and recommend that the motion be granted on that basis.

    Failure to follow a district court's local rules is a proper grounds for dismissal. U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Thus, a court may dismiss an action for plaintiff's

1 failure to oppose a motion to dismiss, where the applicable local rule determines that failure to
2 oppose a motion will be deemed a waiver of opposition. See Ghazali v.Moran, 46 F.3d 52 (9th
3 Cir. 1995), cert. denied 116 S.Ct. 119 (1995) (dismissal upheld even where plaintiff contends he
4 did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to F.R.C.P. 5(b),
5 and time to file opposition); cf. Marshall v. Gates, No. 93-5022, slip op. 99, 105-06 (9th Cir. Jan.
6 4, 1995); Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for
7 summary judgment cannot be granted simply as a sanction for a local rules violation, without an
8 appropriate exercise of discretion).

9      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as to
10 Defendant Williams.

11      These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time waives all objections to the judge's
18 findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
19 objections within the specified time may waive the right to appeal the District Court's order.
20 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.

| | |
|---|---|
| **Dated:** <u>August 25, 2006</u><br>mmkd34 | <u>     /s/  **William M. Wunderlich**     </u><br>UNITED STATES MAGISTRATE JUDGE |