IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELONZA JESSE TYLER,

                Plaintiff,                CV F 04 6638 OWW WMW P

   vs.                         FINDINGS AND RECOMMENDATIONS
RE MOTION TO DISMISS (DOC 56)

E. ALAMEIDA, et al.,

                Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Pending before the Court is Defendant Williams' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has opposed the motion.

        Plaintiff, an inmate in the custody of the California Department of Corrections at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections along with a private physician.   Plaintiff names the following defendants: Dennis C. Smith, M.D.; Bradley Williams, M.D.; Chief Medical Officer Nancy Erly; Appeals Coordinator N. Grannis; Chief Appeals Coordinator T. Surges.   This lawsuit arises out of an injury suffered by plaintiff while working at a prison job.[1]

---

[1] The motion to dismiss is brought by Defendant William, a private physician.

1   Plaintiff alleges that he  injured his left knee while working at a prison job at

2   Folsom State Prison.  The injury occurred on September 4, 2003.  On December 10, 2003,

3   plaintiff was taken to Doctor's Hospital of Manteca, and was treated by Dr. Bradley Williams.

4   Though plaintiff does not indicate what treatment he received, he does allege that Dr. Williams

5   did not properly diagnose plaintiff's condition or schedule surgery.   Plaintiff alleges that "the

6   medical treatment that plaintiff received from Dr. Williams, was so cursory as to amount to no

7   treatment at all."   Plaintiff also alleges that Dr. Williams' treatment resulted in additional

8   injury.

9   In the March 4, 2005, first amended complaint on which this action proceeds, Plaintiff

10   specifically alleges the following as to Dr. Williams:

> Plaintiff was taken to Doctors Hospital of Manteca, three months
> later on December 10, 2003, in pain with difficulty waking, to
> receive orthopedic evaluation and recommendation by Dr. Bradley
> Williams, who violated Plaintiff's civil right by acting deliberately
> indifference to Plaintiff's serious medical condition by failing to
> properly diagnose plaintiff's injury and recommend a course of
> treatment and failing to schedule surgery in the face of recognized
> need and severe pain of a serious injury, that threatened my ability
> to walk painfree.  The medical treatment that plaintiff received
> from Dr. Williams was so cursory as to amount to no treatment at
> all; resulting in additional months of unnecessary pain and
> suffering and deterioration of health with plaintiff sustaining new
> and additional injuries to right hip; right knee; and lower back, due
> to walking on injured left knee; resulting in a loss of my legs, by
> the inability walk, due to severe pain and swelling now 18 months
> post injury date.  (Am. Compl. p. 3).

**In considering a motion to dismiss, the court must accept as true the
allegations of the complaint in question, <u>Hospital Bldg.  Co. v. Rex Hospital Trustees</u>, 425
U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing
the motion and resolve all doubts in the pleader's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S.
411, 421, reh'g denied, 396 U.S. 869 (1969).  Under the basic rule, a motion to dismiss for
failure to state a claim should not be granted unless "it appears beyond doubt that plaintiff
can prove no set of facts in support of the claim that would entitle him to relief." <u>See</u>**

**Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n., 651 F.2d 1289, 1294 (9th Cir. 1981).**

**In a case where the plaintiff is pro se, the court has an obligation to construe** the pleadings liberally. **Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc). This rule applies with particular force to civil rights cases. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).**

Dr. Williams argues that Plaintiff's allegations, taken as true, fail to allege an Eighth Amendment violation. **Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.**

**Although a disagreement with diagnosis or the course of treatment fails to** state a claim, Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989), a **serious medical need arises if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994)(citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).**

**Defendant's argument here is that Plaintiff's allegations are conclusory assertions. Defendant argues that "Plaintiff has utterly failed to elucidate specific facts that describe how Dr. Williams acted with deliberate indifference to his alleged serious medical**

1   condition." **Plaintiff alleges that Dr. Williams failed to properly diagnose his condition, but**

2   **fails to allege facts that support the allegation.   Defendant makes a similar argument as to**

3   **all of Plaintiff's allegations - the allegations are conclusory, and are unsupported by**

4   **specific factual allegations.**

5         **On June 4, 2007, the U.S. Supreme Court decided** <u>Erickson v. Pardus</u>**, 127**

6   **S.Ct. 2197 551 U.S. ___ (2007).  The Court, in reviewing the pleading standard in Federal**

7   **Rule of Civil Procedure 8(a), held that** under the notice pleading standard, specific facts are

8   not necessary; the statement need only give the defendant fair notice of what the claim is and the

9   grounds upon which it rests.  **The Court, in ruling on a motion to dismiss a prisoner's civil**

10  **rights claim for deliberate indifference, held that the complaint could not be dismissed on**

11  **the ground that petitioner's allegations of harm were too conclusory to put the matter in**

12  **issue.** <u>**Id**</u>**.**

13  Here, Plaintiff clearly alleges that his treatment was "so cursory as to amount to no treatment at

14  all," such that he suffered further injury.   The allegations, while not factually specific, do put Dr.

15  Williams on notice of Plaintiff's claims.  The factual sufficiency of Plaintiff's claims are best

16  resolved in a motion for summary judgment.

17        Accordingly, IT IS HEREBY RECOMMENDED that Dr. Williams' motion to

18  dismiss for failure to state a claim be denied.

19        These findings and recommendations are submitted to the United States District
    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

20  thirty days after being served with these findings and recommendations, any party may file
    written objections with the court and serve a copy on all parties.  Such a document should be

21  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
    objections shall be served and filed within ten days after service of the objections.  The parties

22  are advised that failure to file objections within the specified time waives all objections to the
    judge's findings of fact.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file

23  objections within the specified time may waive the right to appeal the District Court's order.
    <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).              IT IS SO ORDERED.

24

    **Dated:   August 17, 2007**              _____/s/  William M. Wunderlich_____
25                                            UNITED STATES MAGISTRATE JUDGE

26

                            4