# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | CASE NO. 1:04-cv-06638-LJO-YNP PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Doc. 99, 106, 107, 115, 118) |
| DENNIS C. SMITH, et al., | |
| Defendants. | |

Plaintiff Elonza Jesse Tyler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

### A. Motion to Serve

On May 8, 2009, Plaintiff filed a motion requesting that the Court direct the U.S. Marshal to personally serve Defendant Erly with a copy of Plaintiff's complaint. (Doc. #99.) The Court already ordered the U.S. Marshal to serve Defendant Erly. On July 27, 2009, the Court received a waiver of service from Defendant Erly. (Doc. #112.) Erly has also filed an answer to Plaintiff's complaint. (Doc. #101.) Therefore, Plaintiff's motion will be denied as moot.

### B. Motions to Amend

On June 15, 2009, Plaintiff filed a "Notice Motion and Motion at Second Amended Pleadings of Plaintiff's Verified Amended Complaint." (Doc. #106.) On June 19, 2009, Plaintiff filed a "Notice of Motion and Motion of Errors of Excepted and Deficient Pleadings of Amended Pleadings Fed. R. Civil. P. 15." (Doc. #107.) Plaintiff's first motion appears to be an amended complaint. Plaintiff's second motion appears to be the same, resubmitted due to "typographical errors and

inaccurate statements." Plaintiff has filed an amended complaint without explaining why he is filing an amended complaint. Plaintiff was not ordered to file an amended complaint and Plaintiff has not made any formal request for leave to file an amended complaint. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Neither scenario exists here.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend "only with the opposing party's written consent or the court's leave." Plaintiff has not obtained the opposing party's written consent or the court's leave. The Court will grant leave to amend "when justice so requires." Federal Rule of Civil Procedure 15(a)(2). Plaintiff has not made any argument in his motion why "justice so requires." Plaintiff has not provided any explanation as to why he filed an amended complaint. Plaintiff's motions to amend his complaint will be denied.

### C. Motion to Stay

On September 3, 2009, Plaintiff filed a motion to stay. (Doc. #115.) Plaintiff claims that he was deprived of access to his legal work product and was pending transfer to a different prison. On October 8, 2009, Plaintiff filed a motion to lift the stay. (Doc. #118.) Plaintiff claims that he had been transferred to a new prison and has had access to his legal materials since September 23, 2009. Plaintiff requests a new scheduling order.

The Court construes Plaintiff's motion as a request for an extension of the deadlines set forth in the scheduling order that the Court issued on May 21, 2009. (Doc. #102.) Plaintiff claims that he is entitled to an extension of the deadlines set forth in the scheduling order because he was deprived of access to his legal materials. Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." A pretrial scheduling order "can only be modified 'upon a showing of good cause.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)). "The pretrial may be modified 'if it cannot

///

be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson, 975 F.2d at 609).

Although Plaintiff may be able to show good cause for missing deadline in the scheduling order due to not having access to his legal materials, Plaintiff has not specifically identified any deadlines in the scheduling order that he was unable to meet, or will be unable to meet in the future. The Court will not modify the scheduling order based only on Plaintiff's temporary inability to access his legal materials. Plaintiff must also demonstrate that the temporary deprivation of access to his legal materials rendered him unable to meet one of the deadlines in the scheduling order. If Plaintiff is able to meet the deadlines without any modification to the scheduling order, Plaintiff's motion is unnecessary. Thus, Plaintiff's motion will be denied without prejudice. Plaintiff may re-file his motion to modify the scheduling order and receive an extension if he demonstrates that he has been diligent in attempting to meet all the deadlines, and that despite his diligence, he was unable to meet the deadline. Because Plaintiff's motion to stay this action and extend the deadlines in the scheduling order will be denied, Plaintiff's motion to lift the stay will be denied as moot.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's May 8, 2009 motion to direct the U.S. Marshal to serve Defendant Erly is DENIED;
2. Plaintiff's June 15, 2009 and June 19, 2009 motions to amend are DENIED;
3. Plaintiff's September 3, 2009 motion to stay is DENIED; and
4. Plaintiff's October 8, 2009 motion to lift the stay is DENIED;

IT IS SO ORDERED.

**Dated:   February 9, 2010**            /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE