# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DENNIS C. SMITH, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:04-cv-06638-LJO-YNP PC<br><br>ORDER GRANTING REQUEST FOR ENTRY OF DEFAULT AND DENYING REQUEST FOR ENTRY OF DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. 96, 100, 108, 111, 119) |

　　　　Plaintiff Elonza Jesse Tyler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On March 3, 2009, Plaintiff filed a motion requesting an entry of default against Defendant Smith. (Doc. #96.) Plaintiff has since filed multiple motions requesting the Court to adjudicate his motion of default. (Doc. #100, 108, 111, 119.)

　　　　The Court received a waiver of service from Defendant Smith on June 20, 2008. (Doc. #82.) Since then, Defendant Smith has not filed a responsive pleading. Pursuant to Federal Rule of Civil Procedure 55(a), default may be entered against a party that fails to plead or otherwise defend within the time set forth in the Federal Rules. Accordingly, Plaintiff's request for entry of default will be granted. Plaintiff is advised that the Court may set aside this entry of default for good cause pursuant to Rule 55(c).

　　　　Plaintiff also requests the entry of default judgment against Defendant Smith. An entry of default and an entry of default judgment are two separate issues. An entry of default judgment is made under Rule 55(b). Plaintiff requests that the Court award Plaintiff with $10,000,000.00 in

damages pursuant to Rule 55(b)(1). Plaintiff also requests unrestricted lifetime medical benefits and a modification of his prison term. Rule 55(b)(1) states:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Plaintiff's claim is not for a "sum certain." It is unclear how Plaintiff arrived at the $10,000,000.00 figure for damages, nor has Plaintiff provided any justification for rewarding the injunctive relief that he requests. Plaintiff provides an affidavit explaining that he has suffered various injuries due to deliberate indifference to his medical needs, but provides no explanation as to how the injuries suffered add up to $10,000,000.00 in damages.

Plaintiff is advised that Rule 55(b)(1) is the improper procedure for an entry of default judgment in Plaintiff's case. Plaintiff's damages are not damages that can be made certain by simple computation. Plaintiff must present evidence that demonstrates an appropriate amount of damages. If Plaintiff wishes to make a future request for entry of default judgment, Plaintiff is advised of Rule 55(b)(2), which provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Plaintiff's request for entry of default judgment pursuant to Rule 55(b)(1) will be denied. Plaintiff may make a request for entry of default judgment pursuant to Rule 55(b)(2) in a separate motion. Any request for damages must include some sort of accounting or evidence that demonstrates that Plaintiff made a good faith effort to compute his damages. Plaintiff's bare conclusion that he suffered $10,000,000.00 worth of pain and injuries is not sufficient.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for entry of default against Defendant Smith is GRANTED;
2. The Clerk of the Court shall enter default against Defendant Smith; and
3. Plaintiff's request for entry of default judgment is DENIED.

IT IS SO ORDERED.

**Dated:**   February 9, 2010                              /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE