1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  ELONZA JESSE TYLER,                    CASE NO. 1:04-cv-06638-LJO-SMS PC

10                        Plaintiff,       FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING DEFENDANT
11        v.                               WILLIAMS' MOTION FOR SUMMARY
                                           JUDGMENT BE GRANTED
12  EDWARD ALAMEIDA, et al.,
                                           (Doc. 70)
13                        Defendants.
                                           OBJECTIONS DUE WITHIN THIRTY DAYS
14  _____/

15                  **Defendant Williams' Motion for Summary Judgment**

16
17  **I.      Procedural History**

18          Plaintiff Elonza Jesse Tyler, a state prisoner proceeding pro se and in forma pauperis, filed

19  this civil rights action pursuant to 42 U.S.C. § 1983 on September 20, 2004.   This action is

20  proceeding on Plaintiff's amended complaint, filed March 4, 2005, against Defendants Williams,

21  Erly, and Smith for allegedly violating Plaintiff's rights under the Eighth Amendment of the United

22  States Constitution.   Pending before the Court is Defendant Williams' motion for summary

23  judgment, filed February 1, 2008.[1]   Plaintiff filed an opposition on May 6, 2008, and Defendant filed

24  a reply on May 9, 2008.[2]

25  ///

26

27  _____

          [1] Defendants Erly and Smith are not parties to the motion for summary judgment.

28          [2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the
    Court in an order filed on April 6, 2006.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (Doc. 32.)

1     This action was transferred to the undersigned on April 13, 2010, and the Court now issues

2  its Findings and Recommendations on Defendant's motion for summary judgment.

3  **II.   Summary Judgment Standard**

4     Summary judgment must be entered, "after adequate time for discovery and upon motion,

5  against a party who fails to make a showing sufficient to establish the existence of an element

6  essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex

7  Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).  The "party seeking summary judgment

8  bears the initial responsibility of informing the district court of the basis for its motion, and

9  identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions

10  on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine

11  issue of material fact." Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil

12  Procedure).

13     If the moving party meets its initial responsibility, the burden then shifts to the opposing

14  party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

15  Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).  In attempting to

16  establish the existence of this factual dispute, the opposing party may not rely upon the denials of

17  its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or

18  admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P.

19  56(e); Matsushita, 475 U.S. at 586 n.11.

20  **III.   Discussion**

21     **A.    Plaintiff's Claim**

22     On September 4, 2003, Plaintiff fell and injured his knee while housed at Folsom State

23  Prison.  (Doc. 15, Amend. Comp., p. 1.)  On December 10, 2003, Plaintiff was taken to Doctors

24  Hospital of Manteca for an orthopedic evaluation by Defendant Bradley D. Williams, a physician.

25  (Id., p. 3.)  At the time, Plaintiff was in pain and having difficulty walking.  (Id.)

26     Plaintiff alleges that Defendant failed to properly diagnose his injury and recommend a

27  course of treatment, and failed to schedule surgery.  (Id.)  Plaintiff describes the treatment received

28

as so cursory as to amount to no treatment at all.  (Id.)  Plaintiff contends he unnecessarily suffered for months as a result.  (Id.)

**B.    Defendant's Position**

Defendant argues that he did not act with deliberate indifference to Plaintiff's medical needs, and submits Plaintiff's medical records and the declaration of expert witness Mark Endicott, M.D., an orthopedic surgeon, to establish the following facts.

Defendant examined Plaintiff's knee on December 10, 2003, and found it tender in the patella area.  (Doc. 70-4, Dec. of Mark Endicott, M.D., ¶3(a).)  Defendant diagnosed the problem as possibly a nondisplaced patella fracture.  (Id.)  X-rays taken that day showed no evidence of fracture or dislocation, and Defendant ordered an MRI, after which a return appointment was to occur.  (Id.)  Plaintiff underwent the MRI on February 2, 2004, which showed evidence of chondromalacia overlying the lateral patellar facet.  (Id. at ¶3(b).)  Defendant did not see Plaintiff after the December 10, 2003, appointment, and Plaintiff was transferred to Avenal State Prison on March 24, 2004.  (Id., ¶5(b); Amend. Comp., p. 4.)

In the professional opinion of Dr. Endicott, the examination and treatment provided to Plaintiff by Defendant on December 10, 2003, were within the standard of care for an orthopedic surgeon.  (Id., ¶¶5, 6.)  Further, given Defendant's lack of control over Plaintiff's return for a follow-up consultation, the failure to see Plaintiff after the MRI was conducted was not a breach of the standard of care.  (Id.)

**C.    Legal Standard for Constitutionally Deficient Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"[3] Jett v. Penner, 439 F.3d 1091, 1096

[3] Defendant may only be held liable under section 1983 if he acted under color of state law.  Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  It appears that Defendant was a private physician employed at a non-prison hospital.  Whether or not Defendant acted under color of state law when he rendered care to Plaintiff is an issue not raised by the parties, and the record is devoid of any information regarding the state's roll in obtaining the services of Defendant on behalf of Plaintiff.  See West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988) (private physician who contracted with state on part-time basis to provide medical care at prison hospital a state actor); Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777 (1982) (state regulation insufficient to transform private parties exercising medical judgments according to professional standards not established by state into state actors); Jensen, 222 F.3d at 575 (state sufficiently involved in the process of evaluating and detaining individuals believed to be mentally ill that

(9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).   Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."   Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### D.     Findings and Recommendation

Plaintiff has not submitted any admissible evidence that the medical treatment Defendant provided on December 10, 2003, fell below the appropriate standard of care for orthopedic surgeons. Plaintiff's lay opinion regarding the sufficiency of the treatment provided is both impermissibly vague and speculative, and inadmissable; and Plaintiff's argument that the medical records submitted by Defendant were altered is not supported by a review of the records submitted by both parties.[4]

---

private contract physician making the commitment decision was a state actor); Thomas v. Hickman, No. CV F 06-0215 AWI SMS, 2006 WL 2868967, at *34-5 (E.D.Cal. Oct. 6, 2006) (no claim stated against private hospital where complaint did not allege a contract between state and hospital, and did not allege any other state action).  Because neither party raised the issue, the Court, for the purpose of resolving this motion, will assume Defendant was acting under color of state law.

[4] The records submitted by Defendant are clearer and easier to read but there is no indication of alteration, despite Plaintiff's detailed argument to the contrary.

Further, Plaintiff's argument that Defendant's medical diagnosis of Plaintiff's problem was so lacking that it could not be interpreted by other physicians is without support.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). A disagreement between a prisoner and a physician is not sufficient to support an Eighth Amendment claim, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), and Plaintiff has not submitted any admissible evidence that the medical care provided by Defendant on December 10, 2003, "was medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to Plaintiff's health," Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted), which must be shown to support an Eighth Amendment claim.

With respect to the follow-up appointment, there is no evidence that Defendant was employed at the prison where Plaintiff was housed or acted as a primary care physician for Plaintiff, and there is no basis in the record for inferring that Defendant, as a private physician at an outside hospital, had any responsibility for or control over the scheduling of a follow-up appointment for Plaintiff once the MRI results became available.[5]

Defendant was a private physician who saw Plaintiff for an orthopedic consult. Defendant conducted an examination, diagnosed a possible cause for Plaintiff's knee problem, and ordered tests to determine the cause. There is simply no evidence that in taking these actions, Defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

---

[5] There is also no evidence that Plaintiff suffered further harm as a result of not being seen by Defendant between February 2, 2004, when the MRI was done, and March 24, 2004, when Plaintiff transferred to a different prison.

1    Plaintiff has not raised any triable issues of material fact as to his Eighth Amendment medical

2    care claim against Defendant, and Defendant is entitled to judgment as a matter of law.  The Court

3    HEREBY RECOMMENDS that Defendant Williams' motion for summary judgment, filed February

4    1, 2008, be GRANTED.

5    These Findings and Recommendations will be submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

7    **days** after being served with these Findings and Recommendations, the parties may file written

8    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

9    Findings and Recommendations."  The parties are advised that failure to file objections within the

10   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

11   1153 (9th Cir. 1991).

12

13

14

15   IT IS SO ORDERED.

16   **Dated:    June 16, 2010**                        **/s/ Sandra M. Snyder**
                                                 UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28