# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | CASE NO. 1:04-cv-06638-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED |
| v. | |
| EDWARD ALAMEIDA, et al., | (Docs. 124, 125, 127) |
| Defendants. | FINDING AND RECOMMENDATION RECOMMENDING PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED, WITH LEAVE TO AMEND |
| | (Doc. 15) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

I. **Motion for Default Judgment Against Defendant Smith**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Elonza Jesse Tyler, a state prisoner proceeding pro se and in forma pauperis. On February 9, 2010, the Clerk of the Court entered default against Defendant Smith, Fed. R. Civ. P. 55(a), and on February 19, 2010, Plaintiff filed a motion seeking default judgment against Defendant Smith, Fed. R. Civ. P. 55(b)(2). Defendants Smith and Erly filed an opposition to the motion on March 10, 2010, and Plaintiff filed a reply on March 26, 2010.[1]

---

[1] Defendants' argument that entry of default should also be set aside is improperly set forth in the body of their opposition to Plaintiff's motion for default judgment. If Defendants seek to set aside the entry of default, they are required to file a notice of motion and motion.

### A. Plaintiff's Claim

Plaintiff fell and injured his knee at Folsom State Prison on September 4, 2003. Plaintiff was transferred to Avenal State Prison on March 24, 2004, and alleges that Defendant Smith, a physician at Avenal, acted with deliberate indifference to his serious medical needs by disregarding a substantial risk of serious and further harm. (Court Doc. 15, Amend. Comp., pp. 4-5.) Plaintiff further alleges that Defendant Smith violated policy by failing to promptly schedule Plaintiff's knee surgery in the face of Plaintiff's repeated complaints regarding severe pain; and that Defendant Smith granted his request for an orthopedic referral but failed to ensure the request was fulfilled, causing a delay that led to the deterioration of Plaintiff's health to the extent that Plaintiff was confined to a wheelchair. (Id.) Plaintiff seeks a judgment against Defendant Smith in the amount of $4,352,722.08 for the violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution. (Court Doc. 124, p. 3.)

### B. Legal Standard

Default judgment is ordinarily disfavored, and cases should be decided on their merits whenever reasonably possible. Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2007); Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986). The decision to enter default judgment is within the discretion of the court, and factors which may be considered include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. Eitel, 782 F.2d at 1471-72 (quotations omitted).

### C. Sufficiency of the Pleading

Facts not established by the operative pleading, and claims not well-pled are not binding and cannot support a default judgment. Cripps v. Life Insurance Company of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989). Defendant Smith violated Plaintiff's rights under the Eighth Amendment if he deprived Plaintiff "of the minimal civilized measure of life's necessities," and in doing so, knowingly disregarded an excessive risk to Plaintiff's health. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.

2004) (citations and internal quotations omitted). "Deliberate indifference is a high legal standard," and neither medical malpractice nor negligence is sufficient to show a constitutional violation. Toguchi at 1060 (citations omitted).

A complaint need only set forth a short and plain statement of the claim, but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal at 1949 (quoting Twombly at 570); Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009). A claim is facially plausible when it is supported by facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly at 556). The mere possibility that the defendant committed misconduct is insufficient to support a claim. Id. at 1950.

Plaintiff's allegations against Defendant Smith are not sufficient to state a claim upon which relief may be granted for violation of the Eighth Amendment.[2] Plaintiff's allegations that Defendant Smith acted with deliberate indifference, and that he knowingly disregarded a substantial risk of harm to Plaintiff are legal conclusions, which are not accepted as true. Id. 1949. Plaintiff's bare allegations that Defendant Smith failed to follow applicable policy, failed to promptly schedule surgery, and delayed Plaintiff's treatment are simply not sufficiently specific to support a claim that Defendant Smith acted with deliberate indifference toward Plaintiff. Plaintiff's disagreement with Defendant Smith's medical decisions, without more, does not state a claim for violation of the Eighth Amendment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The finding that Plaintiff's amended complaint does not state a claim against Defendant Smith precludes Plaintiff from entitlement to default judgment, and the motion must be denied. The Court does not reach the other factors in light of Plaintiff's pleading deficiencies.

///

---

[2] Plaintiff's amended complaint was screened prior to the Supreme Court's decisions in Iqbal and Twombly. "[P]laintiffs [now] face a higher burden of pleadings facts . . . ." Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009).

## II. Claim Against Defendant Erly

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, and the Court must dismiss claims which are not cognizable. 28 U.S.C. § 1915A(a). The same facts are alleged against Defendant Erly as are alleged against Defendant Smith. In light of the Court's finding that Plaintiff's claim against Defendant Smith is not cognizable under section 1983 and the fact that there has been a "significant change" in the law with respect to the pleading standard, the Court recommends that Plaintiff's amended complaint be dismissed, with leave to amend. Moss, 572 F.3d at 972.

## III. Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment, filed February 19, 2010, be DENIED; and

2. Plaintiff's amended complaint be dismissed, with leave to amend.[3]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 16, 2010**                /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff may not submit a second amended complaint in response to this finding and recommendation. Plaintiff must wait for Judge O'Neill to issue his ruling, which will provide Plaintiff with further instruction.