# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | CASE NO. 1:04-cv-06638-LJO-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE |
| v. | (Doc. 128) |
| EDWARD ALAMEIDA, et al., | |
| Defendants. | |

Plaintiff Elonza Jesse Tyler, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 20, 2004. On April 5, 2010, Plaintiff filed a motion seeking to consolidate this case with case number 1:06-cv-00092-SMS PC Tyler v. Davis, et al. Both cases involve Eighth Amendment medical care claims against Defendant Dennis C. Smith relating to Plaintiff's injured knee. Plaintiff's claim in this case relates to pre-surgery issues and Plaintiff's claim in 1:06-cv-00092-SMS relates to post-surgery issues. On June 4, 2010, Defendant Smith's counsel in case number 1:06-cv-00092-SMS filed a notice of non-opposition to the consolidation of the cases, but none of the defendants in this case filed a response.[1]

Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial

///

///

---

[1] In this case, Defendant Williams is represented by different counsel than Defendants Erly and Smith, and Defendant Smith is represented by different counsel in this case than in case number 1:06-cv-00092-SMS.

1

1  economy and convenience, e.g., Devlin v. Transportation Communications Intern. Union, 175 F.3d
2  121, 130 (2d Cir. 1999); Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995).[2]
3      In case number 1:06-cv-00092-SMS, Defendant Smith did not meet his burden in moving
4  for summary judgment, and the case is set for jury trial on Plaintiff's claim against Smith.  In this
5  case, default was entered against Defendant Smith on February 9, 2010, and there is a pending
6  motion for default judgment against Smith.[3]  Although the two cases involve common questions of
7  law and fact, there very different procedural postures precluding consolidation.
8      Accordingly, Plaintiff's motion to consolidate, filed April 5, 2010, is HEREBY ORDERED
9  DENIED.

11 IT IS SO ORDERED.
12 **Dated:   June 16, 2010**              /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] It is the Court's practice in cases such as this to combine consolidated actions into a single action with one operative pleading.  See Schnabel v. Lui, 302 F.3d 1023 (9th Cir. 2002) (describing three possible consolidation procedures but declining to decide which is proper).

[3] Inexplicably, Defendant Smith did not file a notice of motion and motion to set aside the entry of default, although he filed an opposition to Plaintiff's motion for default judgment.