# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD ALAMEIDA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:04-cv-06638-LJO-SMS PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS<br><br>(Doc. 144)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT FOR DEFENDANTS, AND CLOSE CASE |

### Screening Order

**I.   Procedural History**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Elonza Jesse Tyler, a state prisoner proceeding pro se and in forma pauperis. This action was proceeding on Plaintiff's amended complaint, filed March 4, 2005, against Defendants Bradley D. Williams, Nancy Erly, and Dennis C. Smith for allegedly violating Plaintiff's rights under the Eighth Amendment of the United States Constitution. On August 12, 2010, the Court issued an order granting Defendant Williams' motion for summary judgment, denying Plaintiff's motion for default judgment against Defendant Smith, and sua sponte dismissing Plaintiff's amended complaint for failure to state any claims against Defendants Erly and Smith.[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was ordered

---

[1] Default was entered against Smith on February 9, 2010. However, in considering Plaintiff's motion for default judgment, the Court determined that the amended complaint failed to state a claim against Smith. In addition to reasserting the constitutional claim alleged in the amended complaint, the second amended complaint adds a new

1

to file a second amended complaint curing the deficiencies in his claims against Defendants Erly and Smith. Plaintiff filed his second amended complaint on August 19, 2010.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), *petition for cert. filed*, 79 U.S.L.W. 3062 (U.S. Jul. 16, 2010) (No. 10-98), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50.

///

---

claim against Smith and increases the damages sought, thereby opening the default. See Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1989) (defendant in default may respond to amended complaint where amendment necessary to state a claim).

III. **Plaintiff's Claims**

    A.    **Eighth Amendment Medical Care Claim**

        1.    **Allegations Against Defendants Erly and Smith**

On September 3, 2003, Plaintiff fell and injured his knee at Folsom State Prison. On December 10, 2003, Plaintiff was taken to Doctors Hospital of Manteca for pain and difficulty walking. Plaintiff was seen and evaluated by Dr. Williams.[2] On March 24, 2004, Plaintiff was transferred to Avenal State Prison (Avenal), a medical facility with level terrain. At that time, Plaintiff could no longer walk up or down stairs due to severe pain in both knees.

Once at Avenal, Plaintiff was seen by Dr. Weed on April 6, 2004, and by Defendant Smith on May 4, 2004. Both prison physicians noted that Plaintiff's left knee was swollen and painful, and Plaintiff needed an orthopedic consult. On May 26, 2004, Defendants Smith and Erly, who was a registered nurse and Acting Health Care Manager/Chief Medical Officer at Avenal, partially granted Plaintiff's inmate appeal, stating that Plaintiff had been referred to an orthopedist and should be seen within ninety days. Plaintiff was finally seen by Dr. David G. Smith, an orthopedic surgeon, in October 2004. Dr. Smith recommended surgery, which subsequently occurred on March 15, 2005.

Plaintiff alleges that Defendants Erly and Smith failed to ensure that Plaintiff was promptly seen by an orthopedic specialist, as required by prison regulations and policies, and in doing so, knowingly disregarded a substantial risk of harm to Plaintiff. Plaintiff also alleges that Defendants Erly and Smith were responsible for the necessary medical care, safety, and overall well-being of inmates at Avenal; and that Defendant Erly was responsible for supervising subordinate staff.

        2.    **Legal Standard**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

---

[2] Williams' motion for summary judgment was granted on August 12, 2010, and the claim against him is omitted from the second amended complaint.

indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 3. **Discussion**

Plaintiff more than adequately details that he had a serious medical need and that his injury caused him mobility problems and severe pain.  Plaintiff also describes in detail how, between April and October 2004, he utilized the prison's inmate appeal process and submitted Health Care Services Request forms in an attempt to seek relief and an orthopedic consult; and how, between October 2004 and March 2005, he sought to have the recommended surgery.

However, Plaintiff's linkage of Defendants Erly and Smith to a violation of his rights under the Eighth Amendment is tenuous at best.  Plaintiff was seen by Defendant Smith for an appointment in early May 2004, at which time Plaintiff's injury and need for an orthopedic consult were noted.  Approximately three weeks later, Defendants Erly and Smith partially granted Plaintiff's inmate appeal and noted that Plaintiff should be scheduled for an orthopedic consult within ninety days.  Plaintiff also apparently saw Defendant Smith on July 14, 2004, regarding his need for an orthopedic consult.  That is the extent of Plaintiff's specific allegations detailing Defendants' involvement in the violation of his rights under the Eighth Amendment.

Plaintiff must allege sufficient facts to support the claim that Defendants Erly and Smith knowingly disregarded a substantial risk of harm to his health. Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Defendant Erly may not be held liable for the actions of her subordinates under section 1983, Iqbal at 1949, and her limited involvement in partially granting Plaintiff's inmate appeal provides no basis for the imposition of liability, id. at 1949-50; Farmer at 837. Although Plaintiff alleges that Defendant Erly failed to ensure he received prompt care for his injured knee, there are no specific factual allegations supporting a claim that Erly's action or inaction rose to the level of a constitutional violation. Iqbal at 1949-50; Al-Kidd, 580 F.3d at 977; Doe I, 572 F.3d at 681. The Court finds that Plaintiff fails to state a cognizable claim against Defendant Erly for violation of the Eighth Amendment, and the claim shall be dismissed.

Defendant Smith saw Plaintiff in May and July of 2004, and joined Defendant Erly in partially granting Plaintiff's inmate appeal in May 2004. Although there was a five month delay between the orthopedic referral and the consult, and a five month delay between the consult and the surgery, there are no specific allegations supporting a claim that Defendant Smith was responsible for the delay, failed to provide treatment for Plaintiff's complaints in the interim, or in any other way knowingly disregarded an excessive risk of harm to Plaintiff. Iqbal at 1949-50; Al-Kidd at 977; Doe I at 681. Plaintiff's claim against Defendant Smith shall be dismissed for failure to state a claim.

**B.   State Law Claims**

In his second amended complaint, Plaintiff cites to section 845.6 of the California Government Code, and alleges in several places that Defendants Erly and Smith failed to summon immediate medical care and acted with professional negligence, evidencing an intent to pursue claims for violation of section 845.6 and medical malpractice. Therefore, the Court will address those potential claims. E.g., Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2009) (fair notice of legal claim, or cause of action, sufficient to satisfy Rule 8).

**1.   Section 845.6 Claim**

Section 845.6 provides that "a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6 (West 2010). "[T]o state a claim

5

under § 845.6, a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summons such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). "Liability . . . is limited to serious and obvious medical conditions requiring immediate care," Watson, 21 Cal. App. 4th at 841 (citations omitted), and the "section does *not* impose a duty to monitor the quality of care provided," Jett, 439 F.3d at 1099 (emphasis added).

This case involves a delay in medical treatment for a knee injury Plaintiff sustained the prior year at a different prison. The facts at issue do not support a claim for violation of section 845.6 claim, and the claim shall be dismissed.

### 2. Medical Malpractice Claim

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008) (internal quotations and citation omitted). In addition to the fact that Plaintiff fails to allege compliance with the California Tort Claims Act as required, State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988), Plaintiff's allegations do not support the claim that Defendants Erly and Smith committed medical malpractice, Avivi, 159 Cal.App.4th at 468, n.2, 71 Cal.Rptr.3d at 711. The claim shall be dismissed.

### IV. Motion for Appointment of Counsel

In his second amended complaint, Plaintiff seeks the appointment of counsel. There is no constitutional right to appointed counsel in this action, although in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits

[and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In this instance, dismissal of the action for failure to state a claim is warranted, and Plaintiff's ability to articulate his claims pro se has been amply demonstrated by the record. Therefore, no exceptional circumstances supporting the appointment of counsel exist and Plaintiff's motion is denied.

**V.    Conclusion and Order**

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted. In light of the deficiencies at issue and the previous opportunity to amend, no further leave to amend will be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied;
2. This action is dismissed, with prejudice, for failure to state any claims upon which relief may be granted; and
3. The Clerk of the Court shall enter judgment for Defendants Williams, Erly, and Smith, and shall close this case.[3]

IT IS SO ORDERED.

Dated:   September 2, 2010              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

[3] Judgment for Erly and Smith shall be entered pursuant to this screening order, and judgment for Williams shall be entered pursuant to the order of August 12, 2010, granting Williams' motion for summary judgment.