# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER,<br><br>        Plaintiff,<br><br>   v.<br><br>ALAMEIDA, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:-04-cv–06638-LJO-BAM PC<br><br>ORDER VACATING THE ENTRY OF DEFAULT (ECF No. 123)<br><br>ORDER RECALLING THE ORDER DIRECTING SERVICE ON DEFENDANT SMITH (ECF No. 163)<br><br>ORDER ADDRESSING PLAINTIFF'S MOTION OF OBJECTION AND DENYING PLAINTIFF'S MOTION REQUESTING USM-285 FORMS AND SUMMONSES (ECF Nos. 166, 167)<br><br>ORDER DIRECTING DEFENDANT SMITH TO FILE A RESPONSIVE PLEADING WITHIN TWENTY DAYS |

Plaintiff Elonza Jesse Tyler is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following remand by the Ninth Circuit of Appeal, this action is proceeding on the second amended complaint, filed August 19, 2010, against Defendant Smith for deliberate indifference in violation of the Eighth Amendment.

On December 20, 2011, an order issued denying Plaintiff's motion for a scheduling order and directing the parties to file motions pursuant to Federal Rule of Civil Procedure 55. On that same date Defendant Smith filed an objection stating that the second amended complaint was never approved for service and therefore Defendant Smith is not in default. Following a review of the record, the Court determined that the second amended complaint had not yet been served on Defendant Smith. On December 29, 2011, an order issued directing the United States Marshall to

1  serve the second amended complaint on Defendant Smith.

2      On January 9, 2012, Plaintiff filed a motion requesting two USM-285 forms and two
3  summons and a motion of objection to the order directing service of the complaint. Plaintiff argues
4  that he is being denied an opportunity to respond to motions filed by Defendant, however Defendant
5  has not filed any motions in this action since the remand by the Ninth Circuit. The Ninth Circuit
6  remanded only as to Defendant Smith and he is the only defendant remaining in this action.

7      While Plaintiff claims that Defendant Smith is still in default, the filing of an amended
8  complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th
9  Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Upon the filing of the second
10 amended complaint the first amended complaint no longer serves any function in the case.
11 Additionally, in deciding Plaintiff's motion for entry of default judgment, the Court found that
12 Plaintiff's complaint failed to state a cognizable claim against Defendant Smith and the first
13 amended complaint was dismissed. (Findings and Recommendations 2-4, ECF No. 135; Order
14 Adopting, ECF No 143). Therefore, the entry of default, entered February 9, 2010, is vacated. See
15 Alan Neuman Productions, Inc. V. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988) (reversing entry
16 of default judgment when the complaint fails to meet the pleading standard); Chilko v. Lorren, No.
17 1:07-cv-01316-OWW-GSA, 2008 WL 4468995, *2 (E.D. Cal. Sept. 30, 2008).

18     The Court is required to screen complaints brought by prisoners seeking relief against a
19 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
20 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
21 "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks
22 monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).
23 Until such time as the court finds that the complaint has stated a cognizable claim and orders a
24 responsive pleading Defendant is under no obligation to respond to the complaint. In this instance,
25 Plaintiff's second amended complaint was dismissed for failure to state a cognizable claim and the
26 Ninth Circuit remanded the action as to Defendant Smith.

27     Upon reviewing the docket and the arguments of the parties, the Court finds that service of
28 the second amended complaint is unnecessary as Defendant Smith was previously served and has

been making appearances in this action as stated by Plaintiff in his motion. Accordingly, the order directing service issued December 29, 2011, is vacated, and Defendant Smith is ordered to file a responsive pleading within twenty days.

Based on the foregoing, it is HEREBY ORDERED that:

1. The entry of default, entered February 9, 2010, is VACATED;
2. Plaintiff's motion requesting USM 285 forms and summonses is DENIED as moot;
3. Defendant is ordered to file a responsive pleading within twenty days from the date of service of this order;
4. The order directing the United States Marshal to serve Defendant Smith, issued December 29, 2011, is RECALLED; and
5. The Clerk's Office is directed to serve a copy of this order on the United States Marshals Service in Sacramento.

IT IS SO ORDERED.

Dated:   **January 12, 2012**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

3