# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | CASE NO. 1:-04-cv–06638-LJO-BAM PC |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR A CONTINUANCE, WITHOUT PREJUDICE |
| v. | |
| ALAMEIDA, et al., | (ECF No. 175) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Elonza Jesse Tyler is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following remand by the Ninth Circuit of Appeal, this action is proceeding against Defendant Smith for deliberate indifference in violation of the Eighth Amendment. Plaintiff filed a motion for summary judgment on March 1, 2012, and Defendants filed a motion to continue on March 14, 2012.

Defendant brings this motion on the ground that discovery just opened in this action and he has not yet conducted any discovery. Defendant argues that it would be patently unfair to force him to respond to Plaintiff's motion for summary judgment without the benefit of any discovery.

Pursuant to Federal Rule of Civil Procedure 56(d) when

> a nonmovant shows by affidavit or declaration, that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any appropriate order.

1       Rule 56(d) requires discovery "where the non-moving party has not had the opportunity to
2 discovery information that is essential to its opposition." Roberts v. McAfee, Inc., 660 F.3d 1156,
3 1169 (9th Cir. 2011) (citations omitted).  The party seeking the continuance "must show (1) that they
4 have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2)
5 that the facts sought exist, and (3) that these sought after facts are 'essential' to resist the summary
6 judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  In making a Rule
7 56[d] motion, a party opposing summary judgment, "must make clear what information is sought
8 and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998)
9 (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987).  The
10 party seeking to conduct additional discovery has the burden of setting forth sufficient facts to show
11 that the evidence sought exists. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

12       Defendant has failed to file an affidavit making the required showing that additional
13 discovery is necessary prior to opposing Plaintiff's motion for summary judgment.  Since discovery
14 opened in this action on February 1, 2012, and Plaintiff filed his motion for summary judgment on
15 March 1, 2012, a motion under Rule 56(d) is appropriate.  Accordingly, Defendant Smith's motion
16 for a continuance of Plaintiff's motion for summary judgement is HEREBY DENIED, without
17 prejudice.  Within thirty days from the date of service of this order, Defendant shall file a motion
18 under Rule 56(d) as described in this order or an opposition to Plaintiff's motion for summary
19 judgment.

20     IT IS SO ORDERED.

21   **Dated:   March 15, 2012**            **/s/ Barbara A. McAuliffe**
                                                                   UNITED STATES MAGISTRATE JUDGE