# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | CASE No. 1:04-cv-06638-LJO-BAM PC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ALAMEIDA, et al., | (ECF No. 174) |
| Defendants. | |

**Findings and Recommendations Regarding Plaintiff's Motion for Summary Judgment**

**I.    Background**

Plaintiff Elonza Jesse Tyler is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 20, 2004. (ECF No. 1.) On February 18, 2005, Plaintiff's complaint was dismissed with leave to amend. (ECF NO. 13.) On November 17, 2005, Plaintiff's first amended complaint was dismissed with leave to amend. (ECF No. 18.) On March 9, 2006, Plaintiff's complaint was screened and found to state a cognizable claim against Defendants Williams, Smith, and Erly. (ECF No. 25.) On August 12, 2010, the Court granted Defendant Williams' motion for summary judgment and dismissed Plaintiff's amended complaint with leave to amend. (ECF No. 143.) Plaintiff's second amended complaint was dismissed with prejudice for failure to state a claim on September 2, 2010. (ECF No. 148.) Plaintiff filed a notice of appeal and following remand by the Ninth Circuit Court of Appeals,

1

1  this action is proceeding against Defendant Smith for deliberate indifference in violation of the
2  Eighth Amendment.
3      Currently before the Court is Plaintiff's motion for summary judgment filed on March 1,
4  2012, Defendant's opposition filed on April 18, 2012, and Plaintiff's reply filed on April 30, 2012.[1]
5  (ECF Nos. 174, 177, 180, 181.) The motion is deemed submitted. Local Rule 230(l).

6   **II.    Legal Standard for Summary Judgment**

7      Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when
8  the movant shows that there is no genuine dispute as to any material fact and movant is entitled to
9  judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery
10 and upon motion, against a party who fails to make a showing sufficient to establish the existence
11 of an element essential to that party's case, and on which that party will bear the burden of proof at
12 trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, the court is to liberally
13 construe the filings and motions of pro se litigants. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir.
14 2010). The "party seeking summary judgment always bears the initial responsibility of informing
15 the district court of the basis for its motion, and identifying those portions of the pleadings,
16 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
17 which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S.
18 at 323 (internal quotations and citations omitted).
19      If the moving party meets its initial responsibility, the burden then shifts to the opposing
20 party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.
21 Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence
22 of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is
23 required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery
24 material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475
25 U.S. at 586 n.11.

---

[1] Defendant filed a separate motion for summary judgment on December 10, 2012. Plaintiff opposed the motion on December 26, 2012, and Defendant replied on January 7, 2013. (ECF Nos. 182, 184, 185.) Defendant's motion for summary judgment shall be addressed by separate order.

2

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to scour the record for triable issues of fact. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### A. Summary of Relevant Allegations in Second Amended Complaint

Plaintiff originally injured his left knee on September 4, 2003. (Sec. Am. Compl. ¶ 3, ECF No. 144.) On May 4, 2004, Plaintiff was examined by Defendant Dennis C. Smith, M.D., who noted that Plaintiff's left knee was swollen, that he was in pain and that he needed orthopedic treatment. On May 26, 2004, Defendant Smith partially granted Plaintiff's appeal stating that a referral had been made to an orthopedic specialist and that Plaintiff should be seen within ninety days. Plaintiff's appeal was eventually denied at the Director's Level. (Id. at ¶ 9.)

Plaintiff filed a second appeal on September 13, 2004, and also filed multiple requests for medical services. (Id. at ¶ 9.) In October 2004, Plaintiff had a Tele-Med conference with an orthopedic specialist, Dr. David G. Smith, who recommended surgery for Plaintiff's left knee. (Id. at ¶ 11.) On February 10, 2005, the Court of Appeal for the Fifth Appellate District issued an order directing "defendants" to file a supplemental brief informing the court of when Plaintiff's recommended surgery would be performed. Plaintiff had surgery on March 15, 2005, that failed to correct his injury. (Id. at ¶ 12.)

B.   **Plaintiff's Statement of Undisputed Facts[2]**

1. In September 2003, Plaintiff, an inmate incarcerated at Folsom State Prison, injured his knee while working in the kitchen.
2. On March 24, 2004, Plaintiff was transferred to Avenal State Prison due to his serious medical condition.
3. Defendant Smith began treating Plaintiff at Avenal State Prison in April 2004.
4. On April 15, 2004, Plaintiff complained to Defendant Smith that he was suffering in pain in his knee due to an injury he had suffered a year before.
5. Defendant Smith prescribed pain medication and noted that Plaintiff was pending review from an orthopedic specialist.
6. On May 26, 2004, Defendant Smith partially granted Plaintiff's appeal No. ASP-M-04-112, stating that a referral had been made to an orthopedist and Plaintiff should be seen within 90 days.
7. On May 29, 2004, Plaintiff suffered additional injury to his right knee, limping in pain, and had to be placed in a wheelchair.
8. Plaintiff was not seen by an orthopedist until October 2004, a doctor David G. Smith, who recommended surgery for Plaintiff's knee.
9. On February 10, 2005, the Court of Appeal for the Fifth Appellate District issued an order directing "Defendants" to file a supplemental briefing informing the court of the date Plaintiff was scheduled to have orthopedic surgery that was recommended by Dr. David G. Smith.
10. On March 15, 2005, Plaintiff had surgery on his left knee.
11. While Plaintiff was at Avenal, Defendant Smith was his primary attending physician, who Plaintiff was seen and treated by on the majority of the numerous occasions on which

---

[2] Defendants filed objections to certain of Plaintiff's undisputed material facts. (ECF No. 180.) However, Defendants also argued that even if Plaintiff proved every fact asserted in his statement, he would not be entitled to judgment as a matter of law. (ECF No. 177, p. 5.) Accordingly, for purposes of this motion only, the Court considers Plaintiff's statement of facts as undisputed.

4

1       Plaintiff complained about pain and further harm.

2  12.  On March 6, 2006, Daniel H. Bunnell, M.D. Radiologist, confirmed x-rays showing Plaintiff
3       suffered further and additional injury to both left and right knees.

4  **III.    Plaintiff's Eighth Amendment Claim**

5       Liability under section 1983 exists where a defendant "acted under the color of law" and
6  deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen
7  v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  In order to be held liable, the defendant must
8  have personally participated in the deprivation of the plaintiff's rights.  Ashcroft v. Iqbal, 556 U.S.
9  662, 677, 129 S. Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10      A prisoner's claim of inadequate medical care does not constitute cruel and unusual
11 punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
12 needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S.
13 97, 104 (1976)).  The "deliberate indifference" standard involves an objective and a subjective
14 prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v.
15 Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the
16 prison official must act with a "sufficiently culpable state of mind," which entails more than mere
17 negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer, 511 U.S.
18 at 834-35.

19      The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious
20 medical need' by demonstrating that failure to treat a prisoner's condition could result in further
21 significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's
22 response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A prison official does not
23 act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk
24 to inmate health or safety."  Farmer, 511 U.S. at 837.  "Deliberate indifference is a high legal
25 standard," Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.
26 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or
27 failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm,
28

5

Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

**A.    Discussion**

In opposing Plaintiff's motion for summary judgment, Defendant Smith offers the following three arguments: (1) Plaintiff's deliberate indifference claim is barred by res judicata; (2) Plaintiff has not produced evidence to establish the elements of his claim; and (3) Defendant is entitled to conduct discovery before being forced to oppose Plaintiff's motion for summary judgment.

**1.    Res Judicata**

Defendant Smith contends that Plaintiff's claim for deliberate indifference is barred by res judicata. Res judicata, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Res judicata applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Id.

Here, Defendant Smith asserts that Plaintiff previously sued him for deliberate indifference

in failing to properly treat his knee in <u>Tyler v. Davis, et al.</u>, Case No. 1:06-cv-00092 SMS.[3] That case proceeded to trial against Defendant Smith and, on October 28, 2010, the jury returned a special verdict in favor of Defendant Smith. Exhibit A to Declaration of Kevin W. Reager ("Reager Dec."). Thereafter, judgment was entered in favor of Defendant Smith and against Plaintiff on November 3, 2010. Exhibit B to Reager Dec. The judgment was affirmed on appeal. Exhibit C to Reager Dec. Defendant Smith further asserts that even if Plaintiff did not make the identical factual assertions that are now at issue, he could have raised them in the prior action.

Plaintiff objects to the assertion that this action is barred by res judicata. To support this objection, Plaintiff contends that the Ninth Circuit Court of Appeals rejected Defendant's res judicata defense on appeal in this action. Plaintiff also contends that the Magistrate Judge in the previous action, No. 1:06-cv-00092 SMS, denied Plaintiff's motion to consolidate the cases because they involved different claims.

Plaintiff's first contention that the Ninth Circuit Court of Appeals rejected Defendant's affirmative defense of res judicata is incorrect. The Ninth Circuit's memorandum decision issued on November 8, 2011, did not address any res judicata defense. Rather, the Ninth Circuit determined that, at the pleading stage, Plaintiff had stated a claim for deliberate indifference against Defendant Smith regarding the delays in orthopedic treatment of his knee injury. (ECF No. 155.)

Plaintiff's second contention that res judicata does not apply because the court in 1:06-cv-00092 SMS denied his request to consolidate also is not persuasive. Plaintiff incorrectly asserts that the court determined that the actions involved different claims. Upon review, it is clear that the court denied Plaintiff's motion to consolidate on other grounds, stating as follows:

> On June 2, 2008, Plaintiff filed a motion seeking the consolidation of this action and case number 1:04-cv-06638-OWW-WMW PC *Tyler v. Alameida, et al.* If the two cases are appropriate for consolidation, it is the earlier filed case which would continue to proceed and this case would be closed. For that reason, Plaintiff's motion should be raised in the earlier filed case for Judge Wunderlich to consider.
>
> Plaintiff's motion for consolidation is HEREBY DENIED, without prejudice.

---

[3]The Court takes judicial notice of court filings in Case No. 1:06-cv-00092-SMS PC, <u>Tyler v. Davis, et al.</u> See <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 20</u>06); <u>Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 20</u>01).

7

1  Tyler v. Davis, et al., No. 1:06-cv-00092 SMS, ECF No. 46, Order Denying Motion to Consolidate
2  Cases dated July 10, 2008.
3        Nonetheless, the Court recognizes that Plaintiff renewed his motion for consolidation in the
4  instant action on April 5, 2010. (ECF No. 128.) In ruling on the consolidation motion, the Court
5  determined that Plaintiff's claim in this case related to pre-surgery issues and Plaintiff's claim in
6  1:06-cv-00092-SMS related to post-surgery issues. Although the Court concluded that the cases
7  involved common questions of law and fact, the Court declined to consolidate the actions because
8  of their differing procedural postures. (ECF No. 136.)
9        Based on the repeated denials of his motions to consolidate, the Court finds that Plaintiff was
10 precluded from raising both his pre-surgery and post-surgery claims against Defendant Smith in a
11 single action through no fault of his own. Accordingly, the Court does not find that the instant action
12 is barred by res judicata.

          **2.**    **Sufficiency of Evidence**

14       Defendant Smith claims that, even accepting the facts asserted in his separate statement,
15 Plaintiff has failed to provide any evidence establishing the elements of his claim for deliberate
16 indifference.
17       At best, Plaintiff's statement of undisputed facts establishes that on April 15, 2004, Plaintiff
18 complained to Defendant Smith that he was suffering in pain in his knee due to an injury he had
19 suffered a year before. Undisputed Material Fact ("UMF") 4. Defendant Smith prescribed pain
20 medication and noted that Plaintiff was pending review from an orthopedic specialist. UMF 5.
21 Thereafter, on May 26, 2004, Defendant Smith partially granted Plaintiff's appeal, No. ASP-M-04-
22 112, stating that a referral had been made to an orthopedist and that Plaintiff should be seen within
23 90 days. UMF 6. Plaintiff was seen by an orthopedic specialist on October 2004 and the specialist
24 recommended knee surgery. UMF 8. On March 15, 2005, Plaintiff had surgery on his left knee.
25 UMF 10. In this statement, Plaintiff fails to proffer factual evidence that Defendant Smith refused
26 to provide Plaintiff with care or treatment pending consultation with an orthopedic specialist or that
27 Defendant Smith failed to make the referral to the orthopedic specialist.
28

According to the exhibits presented by Plaintiff, Defendant Smith provided Plaintiff with pain medication on multiple occasions, referred him to an orthopedic specialist, issued a chrono for a double mattress and a lower bunk/lower tier, issued a duty limitations chrono, issued a chrono for a wheelchair, and granted an ADA appeal for orthopedic evaluation on September 29, 2004, (ECF No. 174, pp. 37-38, 45-46, 51, 53-54, 61, 70, 94-102.) Although Plaintiff alleges in his complaint that Defendant Smith failed to provide him with orthopedic treatment within the 90 days as stated in the May 26, 2004 appeal, there is no evidence that Defendant Smith personally denied Plaintiff access to the orthopedic consult or that Defendant Smith was otherwise responsible for any delayed receipt of the orthopedic consult or surgery following the referral.

Based on the evidence and allegations presented at this stage of the proceedings, the Court cannot conclude that Defendant Smith engaged in a purposeful act or otherwise failed to respond to Plaintiff's pain and medical needs. Jett, 439 F.3d at 1096. The Court therefore finds that Plaintiff has failed to demonstrate that there is no genuine issue as to any material fact and that Plaintiff has failed to demonstrate that he is entitled to judgment as a matter of law.

### 3. Absence of Discovery

As a final argument, Defendant Smith contends that he should be entitled to conduct discovery essential to his opposition pursuant to Federal Rule of Civil Procedure 56(d). Rule 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986). In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence. Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985).

Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

appropriate order." Id.

The Court previously denied Defendant Smith's motion for a continuance of the summary judgment motion without prejudice because he failed to submit an affidavit or declaration making the required showing that additional discovery was necessary prior to opposing Plaintiff's motion. (ECF No. 176.) In connection with the present opposition, counsel for Defendant Smith submitted a declaration, which indicates that Defendant Smith is retired and no longer has access to Plaintiff's medical records. Reager Dec. ¶ 5. Counsel explains that Defendant Smith requires access to Plaintiff's medical records in order to provide a declaration under penalty of perjury to oppose summary judgment. Reager Dec. ¶ 5.A. Counsel further explains that the facts recalled by Defendant Smith, which demonstrate that he did not intentionally disregard Plaintiff's medical conditions and that he tried to provide the care and treatment he believed was medically reasonable and necessary, can be obtained and verified through discovery of Plaintiff's medical records or through deposition testimony or declarations from Plaintiff's other treating physicians and specialists. Defendant Smith also would need to review Plaintiff's medical records to identify the pertinent health care providers. Reager Dec. ¶¶ 5.F., 5.G.

The Court finds that Defendant Smith has made the required showing that there is additional discovery essential to providing a thorough opposition to summary judgment. This is particularly true given that discovery opened in this action on February 1, 2012, and Plaintiff filed his motion for summary judgment on March 1, 2012. As noted above, the Court has determined that Plaintiff's motion for summary judgment should be denied based on insufficient evidence. However, the Court finds that the lack of essential discovery at the time of the opposition provides a separate and independent basis to deny the motion. Fed. R. Civ. P. 56(d)(1).

**IV.     Recommendation**

For the reasons discussed above, the Court HEREBY RECOMMENDS that Plaintiff's motion for summary judgment be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 25, 2013              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE