1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10

11   ELONZA JESSE TYLER,                )   Case No.: 1:04-cv-006638- LJO-BAM (PC)
                                        )
12              Plaintiff,              )   FINDINGS AND RECOMMENDATIONS
                                        )   REGARDING DEFENDANT SMITH'S MOTION
13        v.                            )   FOR SUMMARY JUDGMENT
                                        )
14   DENNIS C. SMITH, M.D. et al.,      )
                                        )   (ECF No. 182)
15              Defendants.             )
                                        )
16   _____)
                                        )
17

18                    **Findings and Recommendations**

19   **I.    Background**

20        Plaintiff Elonza Jesse Tyler ("Plaintiff") is a state prisoner proceeding pro se and in forma

21   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on September

22   20, 2004.  (ECF No. 1.)  On February 18, 2005, Plaintiff's complaint was dismissed with leave to

23   amend.  (ECF No. 13.)  On November 17, 2005, Plaintiff's first amended complaint was dismissed

24   with leave to amend.  (ECF No. 18.)  On March 9, 2006, Plaintiff's complaint was screened and found

25   to state a cognizable claim against Defendants Williams, Smith, and Erly.  (ECF No. 25.)  On August

26   12, 2010, the Court granted Defendant Williams' motion for summary judgment and dismissed

27   Plaintiff's amended complaint with leave to amend.  (ECF No. 143.)  Plaintiff's second amended

28   complaint was dismissed with prejudice for failure to state a claim on September 2, 2010.  (ECF No.

                                            1

148.)  Plaintiff filed a notice of appeal and following remand by the Ninth Circuit Court of Appeals, this action proceeds against Defendant Smith for deliberate indifference in violation of the Eighth Amendment.  On March 13, 2013, the Court denied Plaintiff's motion for summary judgment.  (ECF No. 191.)

Currently before the Court is Defendant Smith's motion for summary judgment filed on December 10, 2012, Plaintiff's opposition filed on December 26, 2012, and Defendant's reply on January 7, 2013.  (ECF Nos. 182, 184, 185.)  Plaintiff also filed a declaration, addendum opposition and opposition to Defendant's separate statement of facts on January 7, 2013.  (ECF No. 186, 187, 188.)  The motion is deemed submitted.  Local Rule 230(l).

## II.   Legal Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  However, the court is to liberally construe the filings and motions of pro se litigants.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323 (internal quotations and citations omitted).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in

2

1  support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586

2  n.11.

3          The parties bear the burden of supporting their motions and oppositions with the papers they

4  wish the Court to consider and/or by specifically referencing any other portions of the record for

5  consideration.  Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

6  The Court will not undertake to scour the record for triable issues of fact.  Simmons v. Navajo County,

7  Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

8          In arriving at these findings and recommendations, the Court carefully reviewed and

9  considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts

10  and responses thereto, objections, and other papers filed by the parties.  Omission of reference to an

11  argument, document, paper, or objection is not to be construed to the effect that this Court did not

12  consider the argument, document, paper, or objection.  This Court thoroughly reviewed and

13  considered the evidence it deemed admissible, material, and appropriate.

14          **A.      Summary of Relevant Allegations in Second Amended Complaint**

15          Plaintiff originally injured his left knee on September 3, 2003.  (Sec. Am. Compl. ¶ 3, ECF No.

16  144.)  On May 4, 2004, Plaintiff was examined by Defendant Dennis C. Smith, M.D., who noted that

17  Plaintiff's left knee was swollen, that he was in pain and that he needed orthopedic treatment.  On May

18  26, 2004, Defendant Smith partially granted Plaintiff's appeal stating that a referral had been made to

19  an orthopedic specialist and that Plaintiff should be seen within ninety days.  Plaintiff's appeal was

20  eventually denied at the Director's Level.  (Id. at ¶ 9.)

21          Plaintiff filed a second appeal on September 13, 2004, and also filed multiple requests for

22  medical services.  (Id. at ¶ 9.)  In October 2004, Plaintiff had a Tele-Med conference with an

23  orthopedic specialist, Dr. David G. Smith, who recommended surgery for Plaintiff's left knee.  (Id. at ¶

24  11.)  On February 10, 2005, the Court of Appeal for the Fifth Appellate District issued an order

25  directing defendants to file a supplemental brief informing the court of when Plaintiff's recommended

26  surgery would be performed.  Plaintiff had surgery on March 15, 2005, that failed to correct his injury.

27  (Id. at ¶ 12.)

28

3

**B.**    **Defendant's Statement of Undisputed Facts and Plaintiff's Disputes**[1]

Issue 1 – Res Judicata

1.    This is not the first time that Plaintiff has sued Dr. Smith for alleged deliberate indifference regarding the care and treatment he received for his knee.

Plaintiff partially disputes this fact contending that he filed a suit against Dr. Smith for negligent post-operative care.

2.    Mr. Tyler previously filed the case of Elonza Jesse Tyler v. Dennis Smith, Eastern District Case No. 1:06-cv-00092-SMS PC.

3.    Dr. Smith prevailed by jury verdict and subsequent judgment.

4.    The judgment was affirmed on appeal.

Issue 2 – Deliberate Indifference Claim

1.    Mr. Tyler's knee injury was not urgent and it was not necessary that he be seen by an orthopedic specialist on anything other than a routine basis.

Plaintiff disputes this statement and refers the Court to paragraphs in his declaration.  The Court cannot locate the reference or the relevant declaration.  To the extent that Plaintiff is referring to his declaration in support of his motion for summary judgment, the cited portions of his declaration refer to Plaintiff's alleged pain from the injury, not an objectively supported need for an urgent orthopedic consult.  (ECF No. 174, ¶¶ 6-8.)  The Court therefore treats this fact as undisputed.

2.    Although it took approximately five months for Mr. Tyler to see an orthopedic specialist, the delay was not unreasonable as it was a routine matter and there was no medical reason for him to be seen any sooner.

Plaintiff disputes this fact.  He contends that Dr. Smith failed to provide a follow-up appointment within the 90 days that he believed was necessary.  Plaintiff also contends that he waited more than 120 days to be seen by the orthopedic specialist, which led to further unnecessary pain and

---

[1]    In his initial opposition, Plaintiff generally objected to Defendant Smith's motion for summary judgment on the grounds that it merely reiterated Defendant's arguments in opposition to Plaintiff's motion to dismiss.  As such, Plaintiff merely attached copies of Defendant's opposition and Plaintiff's reply.  (ECF No. 184.)  However, on January 7, 2013, Plaintiff submitted an opposition to Defendant's separate statement of undisputed material facts.  (ECF No. 188.)  The Court therefore relies on Defendant's separate statement and Plaintiff's January 7, 2013 filing for purposes of determining undisputed material facts.  (ECF Nos. 182-2, 188.)

injury.  Plaintiff further contends that after October 2004, when the orthopedic specialist recommended surgery, Defendant Smith failed to follow-up with that recommendation through March 2005.

3.      In the interim, Mr. Tyler was being treated with pain medications and given a cane and a wheelchair to assist with mobility.

Plaintiff partially disputes this statement.  He contends that he was not issued a wheelchair until he fell when his right knee could no longer support him limping on his left knee with only a cane.  Plaintiff refers the Court to exhibits attached to his motion for summary judgment, numbers 3-5.  Plaintiff's exhibits indicate that he was being treated with pain medications and provided accommodations and a wheelchair to assist with mobility.  (ECF No. 174, Ex. 3, pp. 45-46; Ex. 5, pp. 51-54.)  The Court therefore treats this fact as undisputed.

4.      Mr. Tyler was also given other accommodations such as a lower bunk for his convenience.

5.      As for any alleged delay, Dr. Smith was not responsible for making medical appointments.

Although Plaintiff disputes this statement, he does not cite any evidence demonstrating that Dr. Smith was responsible for making medical appointments.  Instead, Plaintiff refers the Court to his motion for summary judgment, ECF No. 174 at p. 14, lines 1-14.  The Court has reviewed this portion of Plaintiff's motion and the exhibits cited therein.  These exhibits demonstrate that in May 2004 Dr. Smith submitted a referral for Plaintiff to be seen by an orthopedist for evaluation of his knee.  (ECF No. 174, Exs. 2-6.)  In September 2004, Dr. Smith noted that Plaintiff was scheduled for an orthopedic evaluation via telemedicine in October 2004, and Plaintiff was evaluated at that time.  (ECF No. 174, Exs. 6, 9.)  There is no indication that Dr. Smith was directly responsible for making medical appointments or that he had any control over how long it would take for Plaintiff to receive an orthopedic consult appointment or surgery, and Plaintiff's own exhibits suggest that he was not, and the delay was attributable to the loss of a surgical contract.  (ECF No. 174, Ex. 11, p. 2.)  The Court therefore treats this fact as undisputed.

6.      Dr. Smith could have ordered that Mr. Tyler be sent immediately to a hospital for treatment had Dr. Smith believed his condition was urgent.

7.      In Dr. Smith's professional medical opinion, Mr. Tyler was not in need of urgent care and sending him out on an urgent or emergency basis would not have been reasonable or necessary.

Plaintiff disputes this statement by reference to cited portions of his motion for summary judgment, his complaint, and Exhibit 14 attached to his motion for summary judgment.  (ECF No. 188, p. 2.)  The Court has reviewed the cited portions of Plaintiff's motion and complaint, along with Exhibit 14, but does not find evidence of a contrary opinion, i.e. that Plaintiff was in need of urgent surgery or a consult.  Rather, the references relate to Plaintiff's allegations that Defendant Smith excessively delayed orthopedic specialist consultation and surgery and denied him access to the orthopedist despite Plaintiff's complaints of pain.  Plaintiff's Exhibit 14, which is a telemedicine consultation conducted by Dr. David G. Smith on February 18, 2005, does not indicate that Plaintiff required emergency or immediate surgery.   (ECF No. 174, p. 110.)  The Court therefore treats this fact as undisputed.

## III.    Plaintiff's Eighth Amendment Claim

Liability under section 1983 exists where a defendant "acted under the color of law" and deprived the plaintiff "of a right secured by the Constitution or laws of the United States."  Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  In order to be held liable, the defendant must have personally participated in the deprivation of the plaintiff's rights.  Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer, 511 U.S. at 834-35.

1    The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious

2    medical need' by demonstrating that failure to treat a prisoner's condition could result in further

3    significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's

4    response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A prison official does not

5    act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk

6    to inmate health or safety."  Farmer, 511 U.S. at 837.  "Deliberate indifference is a high legal

7    standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is

8    shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical

9    need" and the indifference caused harm, Jett, 439 F.3d at 1096.

10    In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

11    civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

12    'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

13    Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105

14    06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition

15    does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical

16    malpractice does not become a constitutional violation merely because the victim is a prisoner."

17    Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).

18    Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See

19    Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Additionally, a prisoner's mere

20    disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez

21    v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

22    **C.    Discussion**

23    1.    Res Judicata

24    Defendant Smith contends that Plaintiff's claim for deliberate indifference is barred by res

25    judicata.  The Court previously determined that the instant action is not barred by res judicata.  (ECF

26    Nos. 189, 191.)  Defendant Smith did not object to that determination and the Court finds no basis to

27    depart from its prior decision.  See, e.g., United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998)

28

7

1   (law of the case doctrine provides that the court is generally precluded from reconsidering an issue that

2   has already been decided by the same court, or a higher court in the identical case).

3                  2.        Deliberate Indifference

4          Defendant Smith asserts that there is a lack of sufficient evidence to establish that he was

5   deliberately indifferent to Plaintiff's medical needs or to establish a triable issue of fact.  The Court

6   agrees.

7          Plaintiff does not contend that Defendant Smith refused to provide Plaintiff with care or

8   treatment.  Rather, the crux of Plaintiff's argument is that he had to endure unnecessary pain due to

9   delays in orthopedic treatment and that Defendant Smith failed to ensure that he was seen sooner by an

10  orthopedic specialist and had surgery.  (ECF No. 188, p. 2)  Prison officials may exhibit deliberate

11  indifference by delaying necessary medical treatment.  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th

12  Cir. 2012).  However, the undisputed evidence demonstrates that Defendant Smith did not make

13  medical appointments.  (UMF Issue 2, at 5.)  Defendant Smith's declaration also states that the alleged

14  delay was beyond his control as he had no authority to schedule appointments or to require that

15  Plaintiff be seen on anything other than a routine basis.  (ECF No. 182-1, ¶ 7.)  Plaintiff has presented

16  no evidence to show that Defendant Smith was responsible for ensuring that Plaintiff was scheduled to

17  be seen by an orthopedic specialist or to ensure that he received surgery.  In other words, there is no

18  evidence that Defendant Smith had any control over how long it would take for Plaintiff to receive an

19  orthopedic consult appointment or surgery.  Plaintiff's mere allegations and conjecture to the contrary

20  are insufficient to create factual dispute for purposes of summary judgment.  Nelson v. Pima Cmty.

21  Coll., 83 F.3d 1075, 1081-82 (9th Cir. 1996).

22         Further, Defendant Smith contends that Plaintiff was not in need of urgent or emergency care,

23  and is of the opinion that Plaintiff did not suffer any harm as result of any purported delay.  (ECF No.

24  182-1, ¶¶ 5-8.)  Plaintiff presents no evidence indicating that Defendant Smith knew that Plaintiff's

25  knee was in need of emergency care or that there was a substantial risk of serious harm if Plaintiff did

26  not see an orthopedic specialist or have surgery immediately.  Indeed, the orthopedic consult in

27  October 2004 did not suggest that Plaintiff required immediate surgery for his condition.   (ECF No.

28  182-1, Ex. D, p. 36.)  That Plaintiff complained of pain and that his right knee would no longer

1   support him is not sufficient to establish that he required an immediate consultation or emergency

2   surgery.  At best, Plaintiff's assertions amount to a difference of opinion with Defendant Smith

3   regarding the appropriate course of treatment for Plaintiff's pain and other subjective reports, which

4   does not support a section 1983 claim.  See Toguchi, 391 F.3d at 1059-60 (a mere difference of

5   medical opinion is insufficient, as a matter of law, to establish deliberate indifference).

6            To the extent that Plaintiff relies on the arguments and exhibits cited in his motion for

7   summary judgment to argue that Defendant Smith failed to provide him with appropriate medical

8   treatment, the Court previously determined that Plaintiff had not provided sufficient evidence to

9   establish that Defendant Smith engaged in a purposeful act or otherwise failed to respond to Plaintiff's

10  pain and medical needs.  (ECF No. 189, 191.)

11           In sum, there is no dispute that there was a delay in Plaintiff receiving an orthopedic

12  consultation and surgery.  However, Plaintiff has not presented evidence to support the inference that

13  the delay in receiving his orthopedic consult or surgery was because of Defendant Smith's deliberate

14  indifference to Plaintiff's serious medical needs.

15  **IV.    Conclusion and Recommendation**

16           For the reasons discussed above, the Court HEREBY RECOMMENDS that Defendant Smith's

17  motion for summary judgment be GRANTED.

18           These Findings and Recommendations will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days

20  after being served with these Findings and Recommendations, the parties may file written objections

21  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

22  Recommendations."  The parties are advised that failure to file objections within the specified time

23  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

24  1991).

25  IT IS SO ORDERED.

26       Dated:   __August 1, 2013__                        /s/ _Barbara A. McAuliffe_

27                                                          UNITED STATES MAGISTRATE JUDGE

28

                                              9